# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ORLANDO MALONE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHERRY LINDAMOOD, ) <br> ) <br> Respondent. ) | No. 1:17-CV-251-HSM-SKL |

## MEMORANDUM OPINION

This is a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Now before the Court is Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1], Respondent's motion to dismiss the petition as time-barred [Doc. 6], Petitioner's motion for discovery and production of exculpatory evidence [Doc. 11], and Petitioner's motion to grant the appropriate remedy [Doc. 12]. Petitioner filed a response to Respondent's motion to dismiss [Doc. 9], and Respondent subsequently filed a reply to Petitioner's response [Docs. 13, 15]. For the reasons discussed below, Respondent's motion to dismiss [Doc. 6] will be **GRANTED**, and this § 2254 petition will be **DISMISSED** as time-barred. Additionally, as Petitioner's § 2254 petition is time-barred, Petitioner's motion for discovery [Doc. 11] and motion to grant appropriate remedy [Doc. 12] will be **DENIED as moot**. Lastly, Petitioner's request to stay his current habeas petition [Doc. 9 p. 4] will be **DENIED**, and Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

## I. PROCEDURAL HISTORY

On April 13, 1999, after a jury trial, Petitioner was found guilty in the Bradley County Criminal Court of one count of first-degree felony murder, two counts of attempted especially

aggravated robbery, and one count of aggravated robbery, and was sentenced to life in prison plus twenty years. *See State v. Malone*, No. E1999-01347-CCA-R3-CD, 2000 WL 682580 (Tenn. Crim. App. May 26, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Petitioner's convictions and sentences were then upheld by the Tennessee Court of Criminal Appeals ("TCCA") on direct appeal. *Id.*

Petitioner filed a timely pro se petition for post-conviction relief on April 26, 2001. *See Malone v. State*, No. E2003-02095-CCA-R3-PC, 2004 WL 1414021 (Tenn. Crim. App. June 24, 2004), *perm. app. denied* (Tenn. Sept. 7, 2004). Following the appointment of counsel and a hearing on the petition, the post-conviction court denied relief and dismissed the petition. *Id.* After Petitioner appealed, the TCCA affirmed the post-conviction trial court's ruling on June 24, 2004. *Id.* The Tennessee Supreme Court ("TSC") denied Petitioner permission to appeal on September 7, 2004. *Id.*

Petitioner then signed and executed his first state habeas petition in the Bledsoe County Circuit Court on December 30, 2004; however, the petition was dismissed on March 14, 2005 [Doc. 2-1 p. 75–77]. Petitioner did not appeal the dismissal [*Id.*]. Next, Petitioner signed and executed his second state habeas petition in the Johnson County Criminal Court on June 8, 2007 [*Id.* at 54–56]. Petitioner's second state habeas petition was dismissed on July 2, 2007, and Petitioner did not appeal the dismissal [*Id.* at 42–43]. Lastly, Petitioner signed and executed his third state habeas petition in the Wayne County Circuit Court on June 29, 2016 [Doc. 2 p. 3]. However, Petitioner's third state habeas petition was also dismissed, and the TCCA affirmed the denial on April 17, 2017. *See Malone v. State*, No. M2016-01464-CCA-R3-HC, 2017 WL 1404344 (Tenn. Crim. App. Apr. 4, 2017), *perm. app. denied* (Tenn. July 20, 2017). Petitioner

also filed a fourth petition for post-conviction relief in the Bradley County Criminal Court subsequent to the filing of his § 2254 petition.[1]

Petitioner filed the instant § 2254 petition on August 1, 2017 [Doc. 2].[2] In response, Respondent filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 6]. Petitioner replied to Respondent's motion on February 2, 2018, claiming that Respondent's motion to dismiss should be denied, as Respondent has failed to file a copy of the state court transcripts, he is entitled to equitable tolling, and that he currently has another pending state post-conviction petition [Doc. 9]. Petitioner additionally filed an amended petition for a writ of habeas corpus under §2254 on February 5, 2018 [Doc. 10].

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

---

[1] Although Respondent's motion to dismiss is somewhat lacking, as it did not provide the entire state court record, the record filed with the Court as a whole provides the pertinent dates and documents. Respondent's failure to file an official copy of the state court record has, however, made resolution of his motion to dismiss more time-consuming and difficult. As such, counsel for Respondent is **NOTIFIED** that future motions to dismiss § 2254 petitions that are not supported by an official state court record and specific citations thereto may be denied without prejudice.

[2] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in federal courts. *Cook v. Steall*, 295 F.3d 517, 521 (6th Cir. 2001). Petitioner's habeas petition states that it was "given to the SCCC mailroom on this the ____ day of August 2017" [Doc. 2 p. 11]. However, Petitioner's motion for leave to proceed *in forma pauperis* was submitted to a notary on August 1, 2017 [Doc. 1 p. 2]. Therefore, the Court will construe Plaintiff's habeas petition was being provided to prison officials on August 1, 2017.

(A) the date on which the judgment became final by the conclusion of direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

As set forth above, Petitioner's appeal of his underlying convictions was dismissed on May 26, 2000. *See State v. Malone*, No. E1999-01347-CCA-R3-CD, 2000 WL 682580 (Tenn. Crim. App. May 26, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). The TSC then denied Petitioner's application for permission to appeal on January 16, 2001. *Id.* Therefore, Respondent correctly states that Petitioner's judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A) on April 16, 2001; and the AEDPA's one-year clock began to run on the next day, April 17, 2001. *See Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (noting for purposes of the AEDPA, a conviction becomes final on "the first non-weekend day following the expiration of the 90-day period during which [a Petitioner] was eligible to petition the Supreme Court for certiorari") (citing *Lawrence v. Florida*, 549 U.S. 327, 333 (2007)).

The AEDPA one-year statute of limitations clock therefore began to run on April 17, 2001, and ran for nine days until April 26, 2001—the date on which counsel for Petitioner filed his petition for post-conviction relief. The post-conviction court denied Petitioner's petition for post-

conviction relief, the TCCA affirmed Petitioner's conviction on direct appeal, and, ultimately, the TSC denied permission to appeal on September 7, 2004. *See Malone v. State*, No. E2003-02095-CCA-R3-PC, 2004 WL 1414021 (Tenn. Crim. App. June 24, 2004), *perm. app. denied* (Tenn. Sept. 7, 2004). Therefore, the AEDPA clock resumed the following day on September 8, 2004, with 356 days remaining in the limitations period. *See DiCenzi v. Rose*, 452 F.3d 465, 468–69 (6th Cir. 2006) (holding when the state court proceedings that tolled the limitations period are no longer pending, the limitation period resumes at the point where it was tolled). The limitations period continued to run without being tolled for 113 days, until Petitioner filed his first state habeas petition on December 30, 2004. Petitioner's habeas petition was dismissed by the Bledsoe County Circuit Court on March 14, 2005 [Doc. 2-1 p. 75–77]. Petitioner did not appeal. Thus, the judgment became final thirty days later on April 13, 2005. *See Clark v. Lindamood*, No. 3:17-cv-968, 2018 WL 346230, at *3 n.4 (M.D. Tenn. Jan. 10, 2018) (addressing the effect of the "thirty days within which the petitioner could have appealed to the TCCA the lower courts denials of his state post-conviction and collateral attacks" in AEDPA calculations). The AEDPA clock resumed the following day on April 14, 2005, with 243 days remaining in the limitations period.

Accordingly, on April 14, 2005, Petitioner had no more than 243 days to file another application for state court relief that would toll the statute of limitations, or to file a timely petition for a writ of habeas corpus with this Court. Petitioner did not file another state court application for post-conviction relief or collateral review until 785 days later on June 8, 2007—when he filed his second state habeas petition. However, at this time, the one-year statute of limitations for Petitioner to file a § 2254 petition had already passed. Therefore, because the habeas petition was filed after the federal limitations period had already expired, its filing did not revive the limitations period, nor could it toll a period that had already expired. *Vroman v. Brigano*, 346 F.3d 598, 602

5

(6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Further, after Petitioner's second state habeas petition was dismissed on July 2, 2007, and he failed to appeal, Petitioner did not file a state court application for post-conviction or collateral review until he filed his third state habeas petition on June 29, 2016 [Doc. 2 p. 3]. Ultimately, the AEDPA's one-year statute of limitations had expired before Petitioner filed his second state habeas petition, and would have continued to also run from its dismissal until when Petitioner filed his third state habeas petition. Consequently, the AEDPA's one-year statute of limitations would have also been expired long before Petitioner filed his fourth petition for post-conviction relief. Lastly, none of the claims that Petitioner states in his § 2254 petition assert a new constitutional right recognized by the Supreme Court within the year prior to Petitioner filing that motion. Thus, the instant § 2254 petition [Doc. 2], which Petitioner filed, at the earliest, on August 1, 2017, is untimely under 28 U.S.C. § 2244(d)(1),[3] and must be dismissed with prejudice unless Petitioner can establish that he is entitled to equitable tolling.

## III. EQUITABLE TOLLING

Petitioner claims that Respondent's motion to dismiss should be denied, as he alleges that Respondent has failed to comply with Rule 5(c) of the Rules Governing Section 2254 Cases by not filing a copy of the state court transcripts in this case [Doc. 9 p. 1]. Further, Petitioner contends that he is entitled to equitable tolling because the State did not file the proper records, and that Petitioner "was not provided [the] effective assistance of post-conviction [counsel]" because he "was unable to convince his attorney that he needed his only documentation showing he amended

---

[3] Petitioner's amended petition for a writ of habeas corpus under § 2254, filed on February 5, 2018, would also thus be untimely under 28 U.S.C. § 2244(d)(1).

his post-conviction petition to include [the] double jeopardy claim" [*Id.* at 2–3]. Lastly, Petitioner alleges that he is entitled to equitable tolling regarding his claim that his conviction violated his constitutional protection against double jeopardy, as "the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence" [*Id.* at 3].

The one-year statute of limitations in the AEDPA is not jurisdictional, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Id.* at 645. Petitioners have the burden of demonstrating that they are entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland*, 560 U.S. at 648) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Petitioner first argues that he is entitled to equitable tolling due to his lack of access to state court records [Doc. 9 p. 1]. However, the Sixth Circuit has held that a petitioner's "alleged lack of access to state courts records and his case file does not warrant equitable tolling." *Beasley v.*

7

*Mays*, No. 17–6148, 2018 WL 1633815, at *2 (6th Cir. Feb. 27, 2018) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) ("If anything, the rules [governing habeas petitions] seem to envision that petitioners may at times have to file their petitions without having had access to the state-court record.")). Similarly, Petitioner claims that "the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence" [Doc. 9 p. 3]. However, Petitioner's claims largely concern issues where he "clearly knew what took place . . . and what his grounds for relief were." *Hall*, 662, F.3d at 751. Further, the Sixth Circuit has held that "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted). Ultimately, "a habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings in the state courts and would not equitably toll the limitations period for filing a petition for writ of habeas corpus." *Gardner v. Maclaren*, No. 13–CV–15051, 2014 WL 5481324, at *5 (E.D. Mich. Oct. 29, 2014) (internal citations omitted). Therefore, Petitioner is not entitled to equitable tolling on this basis.

Next, Petitioner claims that he is entitled to equitable tolling due to the alleged ineffective assistance of post-conviction counsel because he "was unable to convince his attorney that he needed his only documentation showing he amended his post-conviction petition to include [the] double jeopardy claim [Doc. 9 p. 3]. Additionally, Petitioner claims that he has demonstrated "'cause' to overcome the procedural default, under *Martinez* [*v. Ryan*, 566 U.S. 1 (2012)]," as he has alleged the ineffective assistance of his post-conviction attorney [*Id.* at 2]. "*Martinez,* however, established only that the ineffective assistance of counsel at *initial-review* post-conviction proceedings may constitute cause to overcome the procedural default of a

8

substantive claim of ineffective assistance of trial counsel." *Anderson v. Cook*, No. 3:15-cv-0091, 2015 WL 2193817, at *3 (M.D. Tenn. May 8, 2015) (holding petitioner was not entitled to equitable tolling, as "*Martinez* did not provide that the ineffective assistance of post-conviction counsel at the appellate stage could provide cause for default."); *see, e.g.*, *Tucker v. Burton*, No. 99-CV-72263, 2014 WL 3894378, at *1 (E.D. Mich. Aug. 8, 2014) (holding *Martinez* lends no support to petitioner's argument that his initial habeas petition was entitled to equitable tolling based on his postconviction counsel's failure to comply with the AEDPA limitations period").

It is well settled that there is no constitutional right to counsel in state post-conviction proceedings, such that a habeas petitioner cannot claim constitutionally ineffective assistance of counsel in these proceedings. *See Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Coleman v. Thompson,* 501 U.S. 722, 752 (1991). Therefore, Petitioner is not entitled to equitable tolling on this basis.

Lastly, Petitioner has not alleged actual innocence in his habeas petition or as a ground for equitable tolling. In *McQuiggin v. Perkins,* 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo,* 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. *McQuiggin*, 569 U.S. at 391–92. In order to make a showing of actual innocence, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395 (quoting *Schlup*, 513 U.S. at 329). Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime

charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Accordingly, Petitioner's § 2254 is time-barred and Petitioner has failed to demonstrate that he is entitled to equitable tolling.

## IV. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 6] will be **GRANTED**, and this § 2254 petition will be **DISMISSED**. As Petitioner's § 2254 petition is time-barred, Petitioner's motion for discovery [Doc. 11] and motion to grant appropriate remedy [Doc. 12] will be **DENIED as moot**. Additionally, Petitioner's request to stay his current habeas petition contained in his response to Respondent's motion to dismiss [Doc. 9 p. 4] will be **DENIED as moot**. Lastly, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's procedural rulings, a COA will not issue.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

             */s/ Harry S. Mattice, Jr.*
             HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE